|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/11/2022 |

TATYANA ZEMSKOVA,

                    Plaintiff,

-against-

JOHN DOES 1-10 and JANE DOES 1-10,

                    Defendants.

1:21-cv-8393 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Tatyana Zemskova commenced this action on October 19, 2021. [ECF No. 8] ("Compl."). Plaintiff contends that unknown individuals have created a website that is intended to bully and defame her. *See* Compl. ¶¶ 12, 15. After filing her Complaint, Plaintiff sought a conference with the Court on a motion to expedite discovery, seeking to identify the owner(s) of the offending website from their Internet Service Provider ("ISP"). [ECF No. 9]. The Court granted Plaintiff leave to file a motion for expedited discovery, which the Court now reviews. [ECF No. 13] ("Mem.").

    Federal Rule of Civil Procedure 26(d)(1) prohibits parties from seeking discovery "from any source" before the parties have met and conferred as required by Rule 26(f), except "when authorized by these rules, by stipulation, or by court order." Such an order may not be granted absent "good cause." *See Arista Records LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010). Plaintiff seeks to serve a "Rule 45 subpoena to Defendants' ISP." Mem. at 7.

    In *Arista*, the Second Circuit articulated five factors for district courts to consider in determining whether requests for expedited discovery should be quashed to preserve a John Doe defendant's anonymity in copyright cases. *Id.* Courts in the Second Circuit have applied those

1

factors to various causes of action, including—like here—defamation. *See Taylor v. Doe*, 2021 U.S. Dist. LEXIS 129358, at *5-6 (S.D.N.Y. July 12, 2021).

The Court therefore considers: 1) the concreteness of the Plaintiff's showing of a *prima facie* claim of actionable harm; 2) the specificity of the discovery request; 3) the absence of alternative means to obtain the subpoenaed information; 4) the need for the subpoenaed information to advance the claim; and 5) the adversarial party's expectation of privacy. *Arista*, 604 F.3d at 119.

A.  *The Concreteness of the Plaintiff's Showing of a Prima Facie Claim of Actionable Harm*

Plaintiff brings two causes of action in her Complaint: a violation of the "right to privacy" pursuant to N.Y. Civil Rights L. § 51, and libel *per se*. Compl. ¶¶ 19-22.[1]

To maintain a civil action under N.Y. Civil Rights L. § 51, "a plaintiff must show that the defendant (1) used his name, portrait, picture, or voice, (2) for advertising or trade purposes, (3) without his written consent." *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 451 (S.D.N.Y. 2008); Mem. at 4. Plaintiff contends that the unknown defendant(s) use her name and pictures "to promote [their] business of creating a website that besmirches women who do not romantically reciprocate[,] and for its business purposes of promoting a website that publishes information about women who it believes wrongs men, without [] written consent." Compl. ¶ 19. Without ruling on the merits or sufficiency of the allegations, the Court finds for present purposes that this is sufficiently concrete to establish a *prima facie* claim of actionable harm on this motion for expedited discovery.

---

[1] Plaintiff also argues a Lanham Act violation in her memorandum of support for expedited discovery. *See* Mem. at 5-6. Because the Complaint does not assert a Lanham Act violation, the Court does not consider any claim made under that Act for purposes of the motion for expedited discovery.

To maintain an action for recovery in libel, the Plaintiff must allege "(1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) defendant's fault, varying in degree depending on whether plaintiff is a private or public party; (4) falsity of the defamatory statement; and (5) injury to plaintiff." *Stern v. Cosby*, 645 F. Supp. 2d 258, 272 (S.D.N.Y. 2009) (quoting *Meloff v. New York, Life Ins. Co.*, 240 F.3d 138 (2d Cir. 2001)). Injury to Plaintiff is established as a matter of law when statements are libelous *per se*. *See Davis v. Ross*, 754 F.2d 80, 82 (2d Cir. 1985). "In order to constitute defamation per se, the statement must (i) charge an individual with a serious crime, (ii) injure another in his or her trade, business, or profession, (iii) claim an individual has a loathsome disease, or (iv) impute unchastity to a woman." *Thompson v. Bosswick*, 855 F. Supp. 2d 67, 76-77 (S.D.N.Y. 2012) (internal citations omitted). Plaintiff pleads that the website alleges that she "targets men for money, runs a prostitution ring, and commits fraud," in addition to other crimes. Compl. ¶ 21. These statements constitute libel *per se*, made by the defendant and published to the public. *See Daniels v. Kostreva*, 2017 U.S. Dist. LEXIS 5534, at *24 (E.D.N.Y. Jan. 12, 2017) (statements published on website that plaintiff was a "fraud" or would "take your money and run" were libelous *per se*). Plaintiff therefore has plead a sufficiently concrete *prima facie* case of libel *per se* for purposes of this motion for expedited discovery.

B.     **The Specificity of the Discovery, the Absence of Alternative Means to Obtain the Subpoenaed Information, and the Need for The Subpoenaed Information to Advance the Claim**

Plaintiff seeks expedited discovery to identify "the name and address associated with the registrant" of the at-issue website. Mem. at 6. Courts routinely find that such limited discovery is specific, narrowly tailored, and likely to identify information that would make service possible on the Defendant(s). *Malibu Media LLC v. Doe*, 2016 U.S. Dist. LEXIS 118328, at *19-21 (E.D.N.Y. Sept. 1, 2016).

To that end, Plaintiff represents that no other means to identify the Defendant(s) is possible. Mem. at 6. Plaintiff is aware only that the Defendants publish this information from a certain IP address—whose identifying information resides with the ISP. Mem. at 6. Courts have held in similar situations that no viable means of identifying a defendant exists. *See Malibu*, 2016 U.S. Dist. LEXIS, at *21. The Court therefore believes that granting the motion for expedited discovery would be sufficient, but not greater than necessary, for Plaintiff to receive the information needed to pursue her claim.

C.   *The Adversarial Party's Expectation of Privacy*

The Court believes that the Plaintiff's interest in learning the Defendant(s) name(s) in this case outweighs a minimal privacy interest that any ISP subscriber may have in withholding their name from Plaintiff. *See Rotten Records, Inc. v. Doe,* 107 F. Supp. 3d 257, 259 (W.D.N.Y. 2015) ("Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest."). Once served, Defendant(s) may appear and oppose this lawsuit, which levels defamation and libel claims against them.

## CONCLUSION

Plaintiff's request to file a Federal Rule of Civil Procedure 45 subpoena on the John Doe Defendant(s)' ISP is hereby GRANTED.

**SO ORDERED.**

**Date: January 11, 2022**
**New York, NY**

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Mary Kay Vyskocil*
　　　　　　　　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**